BLANK ROME LLP
Attorneys for Defendant
GROUPERO SHIPPING CO. LTD.
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Thomas H. Belknap, Jr. (TB-3188)
Brian S. Tretter (BT-6037)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACSTEEL INTERNATIONAL USA CORP., <br><br> Plaintiff, <br><br> -against- <br><br> M.V. "UBC SAVANNAH", her engines, boilers, etc., GALBORG PTE LTD and GROUPERO SHIPPING CO LTD, <br><br> Defendants. | 07 Civ. 6152 (LTS) (DFE) <br><br> ECF Case <br><br> **ANSWER TO COMPLAINT WITH CROSS CLAIM** |

Defendant GROUPERO SHIPPING CO LTD ("Groupero" or "Defendant"), by its attorneys Blank Rome LLP, as and for its answer to the Verified Complaint of MACSTEEL INTERNATIONAL USA CORP. ("Plaintiff") dated June 29, 2007 alleges as follows:

1. Admits that this is a claim under the Court's Admiralty and Maritime Jurisdiction, and, except as admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Verified Complaint.

3. Admits that Groupero has an office at the address listed in Schedule A of the Verified Complaint and was at all material times the owner of the M.V. "UBC SAVANNAH,"

- 2 -

but except as admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Verified Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Verified Complaint.

5. Denies the allegations contained in paragraph 5 of the Verified Complaint.

6. Denies the allegations contained in paragraph 6 of the Verified Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Verified Complaint.

8. Denies the allegations contained in paragraph 8 of the Verified Complaint.

9. Denies the allegations contained in paragraph 9 of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

10. The Verified Complaint fails to state a claim or cause of action against Groupero.

### SECOND AFFIRMATIVE DEFENSE

11. The Court lacks personal jurisdiction over Groupero.

### THIRD AFFIRMATIVE DEFENSE

12. This is an inconvenient forum for the trial of this action and the matter should be dismissed pursuant to the doctrine of *forum non conveniens*.

### FOURTH AFFIRMATIVE DEFENSE

13. Venue is improper in this district.

### FIFTH AFFIRMATIVE DEFENSE

14. Plaintiff is not the real party in interest and lacks standing to bring this claim.

### SIXTH AFFIRMATIVE DEFENSE

15. Defendant is not a party to or bound by the applicable contract of carriage. Alternatively, Defendant is entitled to any and all defenses contained in the United States

Carriage of Goods by Sea Act, 46 U.S.C. §1301, *et seq.*, and/or the applicable bill(s) of lading and/or contract(s) of carriage and/or any other applicable contract, statute or tariff.

## SEVENTH AFFIRMATIVE DEFENSE

16. If any loss or damage occurred to the cargo in respect of which Plaintiff sues, which is denied, such loss or damages was caused by the pre-existing condition or inherent defects of the goods and/or the action of others, including, but not limited to the Plaintiff, its agents, for whose actions Groupero is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

17. Plaintiff's claim is time barred and/or barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

19. To the extent that Plaintiff's claim is subject to arbitration, Groupero hereby reserves its right to arbitrate.

## AS AND FOR A CROSS CLAIM AGAINST GALBORG PTE LTD

20. Groupero repeats and realleges each and every admission, denial, denial of knowledge or information and affirmative defense contained in paragraphs 1 through 19 as if set forth herein in full. Groupero's affirmative defenses are hereby reserved in all respects, and nothing contained in this cross claim shall in any way be construed as a waiver of any such defense.

21. If any damage or loss was caused to the cargo in respect of which plaintiff sues, which is denied, said damage is due to the sole fault, act, omission, neglect, breach of contract and/or breach of warranty by Galborg Pte Ltd. ("Galborg"), its employees, agents, officers,

and/or directors and not due to any fault, act, omission, neglect, breach of contract or breach of warranty on behalf of Groupero, or any party for whose actions Groupero is responsible, and Plaintiff should have judgment solely against Galborg and not against Groupero.

22. If Groupero is found to have any liability to Plaintiff, which is denied, it is entitled to full indemnity and/or contribution from Galborg for all amounts which Groupero is required to pay Plaintiff in respect of such liability and also for its attorneys' fees and costs incurred in defending this action.

23. Groupero reserves all of its rights and remedies under the relevant time charter entered into with Galborg for the M/V "UBC SAVANNAH" dated November 24, 2005.

24. To the extent that this cross-claim is subject to arbitration, Groupero hereby reserves its right to arbitrate.

WHEREFORE, Defendant Groupero prays that the Court:

a. Dismiss the Verified Complaint herein against it;

b. Grant Defendant's Cross Claim; and

c. Grant such other and further relief as may be just or equitable.

Dated: New York, New York
September 24 2007

Respectfully Submitted,

BLANK ROME LLP

    /s/ Thomas H. Belknap Jr.
Thomas H. Belknap, Jr. (TB-3188)
Brian S. Tretter (BT-6037)
Attorneys for Defendants
GROUPERO SHIPPING CO LTD
405 Lexington Avenue
New York, New York 10174
(212) 885-5000