11741-PAJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
MACSTEEL INTERNATIONAL USA CORP.,         :    07 CIV 6152 (LTS)
                                          :
                        Plaintiff,        :
            v.                            :
                                          :    VERIFIED ANSWER WITH
M/V "UBC SAVANNAH," its engines, tackles, :       CROSS-CLAIM
boilers, etc.,                            :
GALBORG PTE LTD. &                        :
GROUPERO SHIPPING CO., LTD.,              :
                                          :
                        Defendants.       :
------------------------------------------------------------ x
```

     Defendant, **GALBORG PTE LTD.**, by its attorneys, **JUNGE & MELE, LLP**, answering the Verified Complaint of **MACSTEEL INTERNATIONAL USA CORP.**, and cross-claiming against **GROUPERO SHIPPING CO., LTD.**, alleges, upon information and belief as follows:

     1.    Answering Defendant denies knowledge or information sufficient to form belief as to the truth of the allegations set forth in paragraphs "1," "2," "3," "4"and "7" of the Verified Complaint.

     2.    Answering Defendant denies the allegations contained in paragraphs "5", "6," "8"and "9" of the Verified Complaint.

**AS AND FOR ITS AFFIRMATIVE DEFENSES
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

**FIRST AFFIRMATIVE DEFENSE**

     3.    The Court lacks personal jurisdiction over Answering Defendant; further,

this action is improperly venued in this district, should be dismissed based on the doctrine of *forum non conveniens* and/or is subject to arbitration pursuant to the governing charter party or documents of carriage.

### SECOND AFFIRMATIVE DEFENSE

4,     The Verified Complaint fails to state a cause of action or fails to state claims upon which relief can be granted as against Answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

5,     Some or all of the claims alleged in the Verified Complaint are due to the fault, neglect, negligence, and breach of express or implied contract of co-Defendant or third parties.

### FOURTH AFFIRMATIVE DEFENSE

6.     If carriage of Plaintiff's cargo was effected pursuant to the United States Carriage of Goods by Sea Act of 1936, or other statutory enactment, Answering Defendant is without responsibility, or its liability is limited by the $500 package limitation, or other limitation, for the loss or damage alleged by Plaintiff in its Verified Complaint.

### FIFTH AFFIRMATIVE DEFENSE

7.     If Answering Defendant received and carried Plaintiff's cargo pursuant to the terms and conditions of ocean bills of lading and any governing charter party, it assumed no further obligation or responsibility other than provided for within the terms

and provisions of such contracts of carriage, including the $500 package limitation, one-year suit time limitation, and other limitation on liability.

## SIXTH AFFIRMATIVE DEFENSE

8. Any loss or damage to Plaintiff's cargo was due to inherent vice, acts of the shipper or owner of the cargo, or other deficiencies for which Answering Defendant may not be held responsible.

## SEVENTH AFFIRMATIVE DEFENSE

9. If Plaintiff sustained any losses as alleged in the Verified Complaint, said losses arose out of and were caused by risks, dangers and hazards, all of which were open, obvious and assumed by shipper, Plaintiff or owners of the cargo.

## EIGHTH AFFIRMATIVE DEFENSE

10. If Plaintiff sustained any loss or damages, as alleged in the Verified Complaint, said damages were caused solely by its own or shipper's negligence, or that of their agents, servants, employees or stevedores, and were not caused or contributed to in any manner by the alleged negligence, breach of express contracts or breach of warranty of Answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

11. Plaintiff failed to take all reasonable steps to minimize its damages.

## TENTH AFFIRMATIVE DEFENSE

12. The cargo in question was lost or damaged before or after it was received

into the care and custody of the Answering Defendant, and any alleged loss or damage was due to the culpability of Plaintiff, shipper or other third-parties.

### CROSS-CLAIM AGAINST CO-DEFENDANT
### GROUPERO SHIPPING CO., LTD.

13. If Answering Defendant is found liable to Plaintiff in this action by way of verdict, judgment, settlement or otherwise, such liability, if any, in whole or in part, would be due to the active and primary fault, neglect and negligence and/or breach of express and implied contract on the part of co-Defendant, **GROUPERO SHIPPING CO., LTD.,** its agents, servants and employees, without any contributory fault, neglect, negligence and/or breach of express or implied contract by Answering Defendant.

14. By reason of the foregoing, Answering Defendant demands indemnification and/or contribution from said co-Defendant, **GROUPERO SHIPPING CO., LTD.**, for any such verdict, judgment or settlement which may be rendered against it, including reasonable counsel fees necessary to defend this action.

**WHEREFORE,** Answering Defendant demands that the Verified Complaint herein be dismissed with costs to Answering Defendant as against the Plaintiff, and in the alternative, that Answering Defendant have judgment on its cross-claim against co-Defendant, including reasonable counsel fees necessary to defend this action, and that the Court grant such other, further and different relief as the justice of the cause may require.

Dated in the City of New York on January 10, 2008

        Respectfully submitted,

        JUNGE & MELE, LLP
        *Attorneys for Defendant*
        *Galborg Pte Ltd.*

        /s/ Peter A. Junge
By: _____
        Peter A. Junge (PJ-0745)
        29 Broadway - 9th Floor
        New York, NY 10006
        (212) 269-0061

## VERIFICATION

PETER A. JUNGE declares as follows:

1. I am a member of the bar of this Honorable Court and of the firm of Junge & Mele, LLP, attorneys for Defendant, Galborg Pte Ltd.

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason that this Verification is made by deponent and not be said Defendant is that said Defendant is a foreign corporation, no officers or directors of which are within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by said Defendant.

5. I declare under penalty of perjury that the foregoing is true and correct.

Dated in the City of New York on January 10, 2008

/s/ Peter A. Junge

_____
Peter A. Junge